**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EGYPT MUSLISMAH LOVE | : | PRISONER CIVIL RIGHTS |
| a/k/a GENEVA RONDA STONE, | : | 42 U.S.C. § 1983 |
| Inmate No. 13010353, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:14-CV-2865-WSD-JSA |
|     v. | : | |
| | : | |
| SUSAN CAMP; et al., | : | |
|     Defendants. | : | |

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

Before the Court is Plaintiff Egypt Muslismah Love a/k/a Geneva Ronda Stone's *pro se* civil rights action and amended complaints filed pursuant to 42 U.S.C. § 1983. (Docs. 1, 6, 7). Plaintiff has been granted *in forma pauperis* status, and the matter is before the Court for a frivolity screening pursuant to 28 U.S.C. § 1915A. Plaintiff's motion to amend the complaint [Doc. 7] is hereby **GRANTED**, and the Court also will consider those allegations in determining the issues in this case.

I.    <u>28 U.S.C. § 1915A Frivolity Review</u>

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1)

frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy those requirements, or fails to provide factual allegations in support of the claim, the complaint may be dismissed. *Id.* at 737-38.

II.    Discussion

A.    Plaintiff's Claims

Plaintiff has sued Douglas County Judges Susan Camp and Robert D. James, her Public Defender LaDonna Schumacher, Assistant District Attorneys Lynne

2

Voelker and Kristi Wilson, Investigators Steve Sprouse and Dennis Glenn Howard, and Sheriff Phil Miller.  Plaintiff essentially complains: (1) that she was falsely arrested and imprisoned; (2) that she has not received due process during her criminal proceedings; (3) that she was denied bond; and (4) about her public defender's performance during her criminal proceedings.

      B.     <u>Analysis of Plaintiff's Claims</u>

           1.     <u>Judge Camp, Judge James, Public Defender LaDonna Schumacher, and Assistant District Attorneys Voelker And Wilson Are Improper Parties.</u>

First, Judges Camp and James are immune from suit under § 1983.  "Judges are entitled to absolute immunity from civil liability under section 1983 for acts performed in their judicial capacity, provided such acts are not done in the 'clear absence of all jurisdiction.'"  *Scruggs v. Lee*, 256 F. App'x 229, 233 (11th Cir. 2007) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)).  Because both judges were acting in their judicial capacity when presiding over Plaintiff's arraignment, preliminary hearing, bond hearing and other criminal proceedings about which Plaintiff complains, and because it does not appear that either Judge acted in the "clear absence of all jurisdiction," they both are immune from civil liability and should be dismissed from this action.

3

Additionally, Plaintiff's public defender cannot be sued under § 1983, since she did not "act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding[,]" and a complaint "based on such activities . . . must be dismissed." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Vermont v. Brillon*, 556 U.S.81, 91 (2009) (stating that "[u]nlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor").   Thus, LaDonna Schumacher, Plaintiff's public defender, also should be dismissed from this action.

Finally, Plaintiff cannot sue either Assistant District Attorney Voelker or Assistant District Attorney Wilson in either their official or individual capacities. Indeed, a suit against prosecutors in their official capacity is the functional equivalent of suing the State of Georgia.   *See Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1348 (11th Cir. 2003); *Owens v. Fulton Cnty.*, 877 F.2d 947, 951-52 & n.5 (11th Cir. 1989) (holding that county district attorney operates as a Georgia State official when making prosecutorial decisions).   "The Eleventh Amendment [to the United States Constitution] bars private actions for damages against a state in federal court."   *Owens*, 877 F.2d at 949 n.2.   To the extent that Plaintiff sues

4

either prosecutor in their official capacity for damages, therefore, her claims are barred by the Eleventh Amendment.

Prosecutors are absolutely immune from suit under § 1983 in their individual capacities for "prosecutorial actions that are intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 340-41 (2009) (quotations omitted).  The general rule is that a prosecutor enjoys absolute immunity when she functions as a prosecutor in judicial proceedings, including filing criminal charges, initiating and prosecuting a criminal case, participating in court hearings in the case, and seeking warrants. *Id.* at 342-43; *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (holding absolute prosecutorial immunity for filing information and motion for arrest warrant); *Burns v. Reed*, 500 U.S. 478, 487 (1991) (holding prosecutor immune from damages for participating in probable cause hearing); *Imbler v. Pachtman*, 424 U.S. 409, 413 (1976) (holding immunity applies to prosecutor in initiating and presenting the State's case).  In short, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute

5

immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).   *See also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

Plaintiff's claims appear to be based on her allegations that Assistant District Attorney Voelker opposed bond , opposed Plaintiff's attempt to represent herself, and filed an accusation against Plaintiff on the wrong charges.  Her claim against Assistant District Attorney Wilson involve Wilson's actions in moving Plaintiff's case off of the trial calendar.  It is clear from Plaintiff's allegations that her claims against both prosecutors are based on their roles as advocate for the State in pursuing a criminal prosecution against Plaintiff.  Absolute immunity thus shields both assistant district attorneys from Plaintiff's claims. *See Buckley*, 509 U.S. at 274 n.5 (holding prosecutors are "entitled to absolute immunity for the malicious prosecution of someone whom [they] lacked probable cause to indict."); *Van de Kamp*, 555 U.S. at 344-45 (holding absolute immunity shields prosecutors' decisions about indictment or trial prosecution); *Kalina*, 522 U.S. at 124 (holding absolute immunity protects prosecutors from claims they maliciously commenced a prosecution); *Williams v. Finnegan*, No.  5:13-CV-2214, 2014 WL 2434590, at *2 (N.D. Ohio May 29, 2014) (holding prosecutor was absolutely immune from § 1983 claim that the prosecutor told the judge that a high bond was required,

6

because such actions fell within the prosecutor's role as advocate for the State); *Killingsworth v. Truluck*, No. 10-1823, 2010 WL 4638763, at *4 (D. S.C. Sept. 16, 2010) (stating that absolute immunity applies to a prosecutor's role in participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings).

    2.    <u>Plaintiff's Claims Challenging Her Arrest, Imprisonment, And Criminal Proceedings Are Barred At This Time.</u>

Plaintiff's claims challenging her arrest, imprisonment, and criminal proceedings cannot be considered by the Court at this time. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that absent extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. *Younger*, 401 U.S. at 53-54. *See also Newsome v. Broward Cnty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) ("[F]ederal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding.").

AO 72A
(Rev.8/82)

In this case, Plaintiff's state criminal proceedings are still pending. The Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994) recognized that "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of [her] criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." *Heck*, 512 U.S. at 487 n.8. Further, the state's ability to prosecute violations of its laws is an important state interest. *See, e.g.*, *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (per curiam) ("The ability to prosecute DUI charges is an important state interest. . . ."). Plaintiff will have an opportunity to challenge the constitutionality of her arrest under the Fourth Amendment as well as any alleged due process violations that she claims to have occurred in her state court criminal proceedings. This Court, therefore, must abstain from interfering in Plaintiff's state criminal action. *See Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (reversing dismissal of § 1983 action, but ordering district court to abstain from resolving the merits of the plaintiff's Fourth Amendment claims until his state court conviction was reviewed by the Georgia Court of Appeals). *See also Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (per curiam) ("The *Younger* abstention doctrine is based on the premise that a

8

pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights.").

Extraordinary circumstances may justify intervention in circumstances where a plaintiff alleges great, immediate and irreparable injury or a flagrant violation of an express constitutional prohibition. *See Younger*, 401 U.S. at 46, 53-54; *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004). Plaintiff has not alleged irreparable injury or a flagrant violation of her rights. Thus, abstention is appropriate.

It is appropriate to stay the federal proceedings rather than dismiss them outright in cases where, as here, the plaintiff files a false arrest or false imprisonment claim prior to being convicted. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.")*; Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (stating that "the District Court has no discretion to dismiss rather than to

9

stay claims for monetary relief that cannot be redressed in the state proceeding").[1]

Accordingly, Plaintiff's false arrest and false imprisonment claims should be stayed pending the outcome of her criminal proceedings.[2]

II.   Conclusion

Based on the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Plaintiff's false arrest and false imprisonment claims against Officer Joe Williams, Investigators Steve Sprouse and Dennis Glenn Howard, and Sheriff Phil Miller be **STAYED** pending resolution of Plaintiff's state criminal proceedings or if Plaintiff can later demonstrate the existence of new circumstances showing great, immediate and

---

[1] If Plaintiff ultimately is convicted, however, her § 1983 claims may be barred by *Heck*.  *See Wallace*, 549 U.S. at 394 ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal[.] . . .").

[2] The Court notes that to the degree that Plaintiff's seeks release in connection with her claims that her due process rights have been violated during her criminal proceedings, such relief is only available in a habeas corpus action after she has exhausted her state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release); 28 U.S.C. § 2254(b)(1) (dictating that this Court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state remedies or circumstances exist that render the state process ineffective).

AO 72A
(Rev.8/82)

irreparable injury or a flagrant violation of an express constitutional prohibition. In the event the District Court adopts this report and recommendation, Plaintiff is instructed to notify the Clerk within thirty (30) days of the conclusion of her state court proceedings.  It is **RECOMMENDED** that the case otherwise be **ADMINISTRATIVELY CLOSED** until such time as Plaintiff notifies the Clerk of the conclusion of those proceedings.

**IT IS FURTHER RECOMMENDED** that the remainder of Plaintiff's claims and Defendants be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915A.

**IT IS SO RECOMMENDED AND ORDERED** this 20th day of November, 2014.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

11