IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EGYPT MUSLISMAH LOVE a/k/a
Geneva Ronda Stone,

          Plaintiff,

v.

SUSAN CAMP, ROBERT J.
JAMES, LADONNA
SCHUMAKER, JOE WILLIAMS,
STEVE SPROUSE, LYNNE G.
VOELKER, PHIL D. MILLER,
DENNIS GLENN HOWARD, and
KRISTI W. WILSON,

          Defendants.

1:14-cv-2865-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [10], following his review of Plaintiff Egypt Muslismah Love a/k/a Geneva Ronda Stone's ("Plaintiff") Complaint pursuant to 28 U.S.C. § 1915A.[1] Also before the Court is Plaintiff's Motion for Discovery [13].

---

[1] Plaintiff, proceeding *pro se*, has filed several documents. Plaintiff asserts claims in her Complaint [1], "Additional Statement of Claim" [6], and Motion to Amend Complaint [7]. In light of her *pro se* status, the Court construes these documents together, and as a whole.

## I. BACKGROUND

On September 9, 2014, Plaintiff, then an inmate at the Douglas County Jail and proceeding *pro se*, filed her Complaint under 42 U.S.C. § 1983 asserting civil rights claims against the Honorable Susan Camp ("Judge Camp"), the Honorable Robert J. James ("Judge James"), Assistant District Attorneys Lynne Voelker ("Voelker") and Kristi Wilson ("Wilson"), and LaDonna Schumaker ("Schumaker"),[2] Plaintiff's public defender (collectively, the "Judicial Defendants"). Plaintiff, in her Complaint, asserts that she was arrested for identity theft, fraud, and "financial transaction card theft" in December 2013. (Compl. at 4). Plaintiff's claims are premised on her perceived deficiencies in, and dissatisfaction with, the Judicial Defendants' roles in Plaintiff's Douglas County criminal proceedings after her arrest.[3] Plaintiff also appears to assert false arrest

---

[2] Schumaker is misspelled "Schumacher" in the R&R.

[3] Plaintiff asserts that on January 27, 2014, Judge Camp "unlawfully" arraigned Plaintiff at the preliminary hearing, that Judge James violated her constitutional rights by setting a "$30,000 cash only bond" because "the Judge knows [she] [has] been incarcerated going on a year and [issued the bond] knowing that [she] can't pay a $30,000 cash only bond," that Schumaker did not withdraw as Plaintiff's counsel despite Plaintiff's request to proceed *pro se*, and that Voelker and Wilson did not consider Plaintiff's motions to oppose bond and wrongfully "accus[ed]" Plaintiff of committing identity theft and fraud. (See Compl. at 4-6, 8; see also [6] at 2).

and false imprisonment claims against Investigator Steve Sprouse,[4] Investigator Dennis Glenn Howard, Officer Joe Williams, and Sheriff Phil Miller (collectively, the "Law Enforcement Defendants"). Plaintiff seeks "a monetary settlement in the sum of $54 million dollars." (Compl. at 4).

On October 1, 2014, Magistrate Judge Anand granted Plaintiff leave to proceed *in forma pauperis*.

On November 20, 2014, the Magistrate Judge issued his R&R. The Magistrate Judge found that Judge Camp, Judge James, Voelker, and Wilson are protected by absolute immunity and Schumaker, Plaintiff's public defender, is not a "state actor" under Section 1983, and he recommended that Plaintiff's claims against the Judicial Defendants be dismissed pursuant to 28 U.S.C. § 1915A. The Magistrate Judge also found that to the extent Plaintiff seeks to challenge the constitutionality of her arrest and imprisonment, the Court is precluded, under Younger v. Harris, from interfering with Plaintiff's pending state prosecution.[5]

---

[4] The Court notes that Plaintiff also identifies Investigator Steve Sprouse as "Investigator Walter Stephen Sprouse" in the Complaint. (See Compl. at 12).

[5] In Younger v. Harris, the Supreme Court held that absent extraordinary circumstances, federal courts should abstain from interfering with ongoing state proceedings. 401 U.S. 37, 41, 53 (1971). Younger abstention applies if (i) there are pending state proceedings at the time of the federal action, (ii) the state proceedings implicate important state interests, and (iii) the state proceedings provide an adequate opportunity to raise federal constitutional questions. For Your Eyes Alone, Inc. v. City of Columbus, 281 F.3d 1209, 1217 (11th Cir. 2002).

The Magistrate Judge recommended that Plaintiff's claims against the Law Enforcement Defendants be stayed until the Court receives notice from Plaintiff that the state court has adjudicated and resolved her criminal proceedings.

Plaintiff did not file objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Because Plaintiff did not file any objections to the R&R, the Court reviews the record for plain error.

## 2. Review for Screening Prisoner Civil Rights Actions

The Court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous. 28 U.S.C. § 1915A(a). Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal for failure to state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right

of action"); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

    B.    Analysis

        1.    Plaintiff's Claims against the Judicial Defendants

The Magistrate Judge found that Plaintiff's claims against Judge Camp and Judge James are required to be dismissed because judges are immune from actions related to the performance of their judicial functions. See Imbler v. Pachtman, 424 U.S. 409, 418 (1976) ("The common-law absolute immunity of judges for acts committed within their judicial jurisdiction . . . was found to be preserved under section 1983[.]") (citations omitted); see also Jarallah v. Simmons, 191 F. App'x 918, 920 (11th Cir. 2006). The Magistrate Judge found also that Plaintiff's claims against Voelker and Wilson are required to be dismissed because "[p]rosecutors acting within the scope of their prosecutorial duties enjoy an absolute immunity

6

from suit under [Section] 1983." See Simmons, 191 F. App'x at 921; see also Owens v. Fulton Cnty., 877 F.2d 947, 949 at n.2 (11th Cir. 1989) (holding that county district attorneys operate as a Georgia state official when making prosecutorial decisions.). The Magistrate Judge found further that Plaintiff's claims against Schumaker are required to be dismissed because Schumaker, as Plaintiff's public defender, is not a state actor and thus cannot be liable under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

The Court has reviewed the record in this case and, finding no plain error, adopts the findings and recommendations in the R&R. Plaintiff's claims against the Judicial Defendants are required to be dismissed. See 28 U.S.C. §§ 1915A(b)(1), (b)(2) (providing that the Court "shall dismiss" a prisoner's complaint that "fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief").

    2. Plaintiff's Claims against the Law Enforcement Defendants

The Magistrate Judge found that Plaintiff's claims challenging her arrest and imprisonment cannot be considered at this time because it appears that Plaintiff's state criminal proceedings underlying these claims are still pending. On the record

7

before it, the Court is unable to determine the status of any criminal charges brought against Plaintiff, in Douglas County or any other jurisdiction. The Court agrees with the Magistrate Judge's recommendation that a stay of these claims against the Law Enforcement Defendants is appropriate. See Doby v. Strength, 758 F.2d 1405, 1406 (11th Cir. 1985); Deakins v. Monaghan, 484 U.S. 193, 202 (1988) (approving Third Circuit's rule which "requires a District Court to stay rather than dismiss claims that are not cognizable in the parallel state proceeding"); Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended.").[6]

Plaintiff is required to file with this Court, on or before August 21, 2015, the status of all criminal charges that were pending against her on September 9, 2014, and, specifically, whether she was found guilty of these charges or any other

---

[6] The Court notes that if Plaintiff is "ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal [of Plaintiff's remaining claims]." See Wallace, 549 U.S. at 394; Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("The district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

charges brought against her in Doulas County. Failure to file this status information may result in the action against the Law Enforcement Defendants being dismissed. See LR 41.3(a)(2).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final R&R [10] is **ADOPTED**, and Plaintiff's claims against Susan Camp, Robert J. James, LaDonna Schumaker, Lynne Voelker, and Kristi W. Wilson are **DISMISSED**. Plaintiff's claims against Steve Sprouse, Dennis Glenn Howard, Joe Williams, and Phil D. Miller are **STAYED**. The Clerk of Court is **DIRECTED** to administratively close this case.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL** file with this Court, on or before August 21, 2015, the status of all criminal charges that were pending against her on September 9, 2014, and, specifically, whether she was found guilty of these charges or any other charges brought against her in Doulas County.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery [13] is **DENIED AS MOOT**.

**SO ORDERED** this 27th day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE